UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEXTER SMITH, SAMSON
EUSTACHE, and AGUILERA
PINERO,

        Plaintiffs,

v.                                                                  Case No: 2:21-cv-786-JLB-KCD

UNITED MECHANICAL, LLC,
and FIDELITY BUILDING
SERVICES GROUP,

        Defendants.
_____/

## ORDER[1]

Plaintiffs bring this race and national origin discrimination case against Defendants, United Mechanical, LLC ("United") and Fidelity Building Services Group ("FBSG"). In their second amended complaint, Plaintiffs allege they were denied positions based on their races and national origins, and despite their education, training, and work experience, in violation of Title VII[2] and Florida's Civil Rights Act[3] ("FCRA").[4] (Doc. 58.) Defendants have each moved for dismissal

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.
[2] 42 U.S.C. § 2000e et seq.
[3] Fla. Stat. § 760.10.
[4] The FCRA was patterned after Title VII, so legal principles applicable to Title VII claims are also applicable to FCRA claims. Harper v. Blockbuster Ent. Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (collecting cases).

of the second amended complaint (Doc. 60; Doc. 61), which motions Plaintiffs oppose (Doc. 62; Doc. 63). For the following reasons, after careful review of the second amended complaint and the motions to dismiss, accepting the facts in the second amended complaint as true, and viewing the facts in the second amended complaint in a light most favorable to Plaintiffs, the Court GRANTS FBSG's motion (Doc. 60) in part and DENIES United's motion (Doc. 61).

## BACKGROUND[5]

Defendants were independent HVAC maintenance and repair businesses that merged when FBSG bought United. (Doc. 58 at 2.) Plaintiffs are former employees of Defendants. (Doc. 58 at 2.)

Mr. Dexter Smith is an African American man who has years of experience in HVAC and has trained white employees with fewer qualifications than his own to be service technicians, but he alleges has not been given a service technician position himself, save a temporary assignment at some point, after which he was allegedly demoted because of his race. (Doc. 58 at 2–3.) Mr. Aguilera Pinero is a Hispanic man of Cuban descent with three certificates for HVAC training. He alleges he has been passed over for promotion in favor of white employees with less or the same experience as his own. (Doc. 58 at 3.) Mr. Samson Eustache is an African American man of Haitian descent whose training and experience in HVAC

---

[5] The Court accepts as true the factual allegations as pleaded in the second amended complaint, as it must when considering a motion to dismiss. See Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1198–99 (11th Cir. 2012).

met or exceeded that of white employees who were promoted to service technician positions. (Doc. 58 at 3.)

Plaintiffs state that service technicians earn significantly more than maintenance employees, receive preferred working conditions, and realize greater career advancement than maintenance employees. (Doc. 58 at 3–4.) They allege that on the bases of education, training, and experience, they were qualified to work as service technicians and that they sought service technician positions, but that they were routinely denied. (Doc. 58 at 3–4.) In fact, Plaintiffs allege there were no service technicians of color and employees of color were given jobs cleaning and training white employees to fill service technician positions. (Doc. 58 at 4.)

Plaintiffs each filed charges of discrimination with the EEOC against Defendants. (Doc. 58 at 2.) The EEOC issued notices of right to sue to Plaintiffs: Mr. Smith's on August 5, 2021; Mr. Pinero's on August 6, 2021[6]; and Mr. Samson's on August 16, 2021. (Doc. 58-1.) The notices directed Plaintiffs to sue within 90 days. (Doc. 58 at 2.)

On October 26, 2021, Plaintiffs sued "Fidelity Services, Inc." and "United Mechanical, Inc." (Doc. 1.) Plaintiffs filed their first and second amended complaints against "Fidelity Building Services Group" and "United Mechanical, LLC." (Doc. 44; Doc. 58). The second amended complaint raises twelve claims: Mr. Smith's claim for race discrimination under Title VII and the FCRA (Counts I and

---

[6] The EEOC notice was actually issued to "Daniel David Pinero Aguilera" (Doc. 58-1 at 2), a name similar but not identical to the named Plaintiff, "Aguilera Pinero" (Doc. 58).

3

II); Mr. Eustache's claim for race discrimination under Title VII and the FCRA (Counts III and IV); Mr. Eustache's claim for national origin discrimination under Title VII and the FCRA (Counts V and VI); Mr. Pinero's claim for race discrimination under Title VII and the FCRA (Counts VII and VIII); Mr. Pinero's claim for national origin discrimination under Title VII and the FCRA (Counts IX and X); Plaintiffs' claim for race discrimination under 42 U.S.C. § 1981 (Count XI); and Mr. Eustache's claim for constructive discharge under Title VII (Count XII). (Doc. 58.)

## LEGAL STANDARD

Service of process must be properly effected before a federal court may exercise jurisdiction over a defendant. See Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). A party challenging process under Federal Rule of Civil Procedure 12(b)(4) "must identify substantive deficiencies in the summons, complaint or accompanying documentation." Fly Brazil Grp., Inc. v. Gov't of Gabon, Afr., 709 F. Supp. 2d 1274, 1279 (S.D. Fla. 2010) (citation omitted).

Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). And Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, as explained by the Eleventh Circuit, Rules 8 and 10

> require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Shotgun pleadings violate the pleading rules by failing to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has identified four varieties of shotgun pleadings: (1) a pleading in which multiple counts each adopt the allegations of all preceding counts; (2) a pleading that uses conclusory, vague, and immaterial facts unconnected to a particular cause of action; (3) a pleading that fails to separate each cause of action or claim for relief into distinct counts; and (4) a pleading that combines multiple claims against multiple defendants without specifying which defendant is responsible for which act, or against which defendant a claim is brought. See id. at 1321–23.

When adjudicating a Rule 12(b)(6) motion, a court presumes well-pleaded allegations are true, and it views pleadings in the light most favorable to the plaintiff. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1066 (11th Cir. 2007). A plaintiff states a claim for relief sufficient to avoid a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## DISCUSSION

I. Claims Against FBSG Are Dismissed Without Prejudice.

First, FBSG argues it should be dismissed from this case because it is a fictional entity incapable of being served or sued. (Doc. 60 at 7–8.) FBSG represents, " 'Fidelity Building Services Group' is a trade name owned by Fidelity Engineering, LLC. FBSG is not a legal entity of any kind, and thus cannot be named as a defendant in this lawsuit and must be dismissed." (Doc. 60 at 1 n.1.)

Plaintiffs do not accept this representation and state, "United is owned and operated by FBSG, such that [Plaintiffs] believe that operations are shared." (Doc. 62 at 11.) Plaintiffs then argue that FBSG, Fidelity Engineering, LLC, and all related entities have had notice of the pending action, and so the Court should reject this argument. (Doc. 62 at 11–12.)

"As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citing New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). In Walsh v. Chubb, the district court struck the "non-juridical," fictitious entity from the case and dismissed all claims against it. No. 4:20-CV-00510-HNJ, 2020 WL 8175594, at *9, *16 (N.D. Ala. Oct. 21, 2020). The court explained that because the plaintiffs

6

had identified the proper defendant, they could not assert claims against the fictional defendant. Id. at *9.

FBSG has explained that Fidelity Building Services Group is a trade name owned by Fidelity Engineering, LLC. (Doc. 60 at 1 n.1.) And Plaintiffs have identified Fidelity Engineering, LLC by name and asserted it has had notice of this action. (Doc. 62 at 11–12.) Because the proper defendant has been identified by both Plaintiffs and FBSG, the Court will not permit claims to proceed against FBSG.[7] The claims against FBSG are thus dismissed without prejudice.

II.     Shotgun Pleading

United further argues the second amended complaint should be dismissed for failure to separate each cause of action or claim for relief into different counts. (Doc. 61 at 8–12.) United argues Plaintiffs must allege separately each instance of failure to hire or promote. (Doc. 61 at 9.) United also contends Plaintiffs impermissibly failed to distinguish disparate treatment, failure to promote, and retaliation claims. (Doc. 61 at 12–14.)

Plaintiffs note in response that United "clearly understands the nature of the claims ([United] summarizes the claims in its Motion to Dismiss) and has the ability to respond." (Doc. 63 at 3.) Plaintiffs reject United's comparison of Plaintiffs' second amended complaint to cases in which unrelated causes of action

---

[7] Because it has concluded FBSG is not a proper party here and granted FBSG's motion to dismiss the claims against it, the Court will not address FBSG's motion further.

7

are blended. (Doc. 63 at 5.) And Plaintiffs argue they need not plead each distinct unlawful act separately. (Doc. 63 at 6–7.)

The Eleventh Circuit has identified four varieties of shotgun pleadings, including a complaint that does not separate "each cause of action or claim for relief" into a distinct count. Weiland, 792 F.3d at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

"[N]ot every count involving multiple claims constitutes a shotgun pleading," especially when the complaint gives the defendants "adequate notice of the claims against them and the factual predicates supporting those claims." Flaherty v. E-Go Bike, LLC, No. 2:21-CV-728-SPC-MRM, 2022 WL 445428, at *3 (M.D. Fla. Feb. 14, 2022) (citing Howard v. Wells Fargo Bank, N.A., No. 6:16-CV-505-PGB-TBS, 2016 WL 3447514, at *3 (M.D. Fla. June 23, 2016) and Amegy Bank Nat. Ass'n v. Deutsche Bank Corp., 917 F. Supp. 2d 1228, 1233 (M.D. Fla. 2013)). And so—recognizing "notice" as the central concern—dismissing a complaint as a shotgun pleading is appropriate when:

> "It is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," where the failure to "more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count," or where the complaint indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief.

Clifford v. Federman, 855 F. App'x 525, 528 (11th Cir. 2021) (per curiam) (quoting Weiland, 792 F.3d at 1323–25).

United's ability to reprise Plaintiffs' claims and draft its motion to dismiss without showing confusion or prejudice suggests that the second amended complaint adequately notifies United of the claims against it and the allegations of fact supporting those claims. See Amegy Bank, 917 F. Supp. 2d at 1233. Further, the failure-to-promote and disparate-treatment claims all spring from Plaintiffs' allegations that, despite their qualifications, United routinely denied them promotions to service technician positions and instead gave those positions to white applicants. Because the second amended complaint gives United notice of Plaintiffs' claims and the factual allegations supporting them, and because the allegations supporting those claims are supported by the same facts, the Court sees no need for the claims to be separated and thus declines to dismiss on shotgun pleading grounds.

III. Failure to State a Claim

United's arguments that Plaintiffs have failed to state claims for their various counts fare little better than its shotgun pleading arguments. The Court will address each of United's arguments in turn.

First, United seeks dismissal of Plaintiffs' failure to promote claims because they do not allege that they applied for an open service technician position. (Doc. 61 at 15–16.) United also faults Plaintiffs for failing to allege specific information about the positions they were denied, who made the hiring decision, who filled the

9

position, and other facts linking the denial of promotion to Plaintiffs' race or national origin. (Doc. 61 at 16.) Plaintiffs contend that United's argument that they have failed to allege they "applied" for these positions relies on semantics because Plaintiffs instead allege that they "were denied" service technician positions, which Plaintiffs imply establishes a prima facie case for a failure to promote case. (Doc. 63 at 8.) They argue, "[t]here is simply no legal support for the strenuous pleading standard that [United] seeks." (Doc. 63 at 8.)

To make a prima facie case for discriminatory failure to hire, Plaintiffs must show they were each (1) a member of a protected class; (2) applied and were qualified for a position for which United was accepting applications; (3) were not hired, despite sufficient qualifications; and (4) the position remained open or was filled by another person outside the protected class. E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1273 (11th Cir. 2002). Discrimination claims must meet Rule 8's basic notice requirements and provide the defendant fair notice of the claim and its factual underpinnings. See, e.g., Wells v. Royal Caribbean Int'l Cruises Ltd., No. 20-13378, 2021 WL 3047173, at *2 (11th Cir. July 20, 2021).

Plaintiffs have alleged they were members of a protected class, were qualified for service technician positions, were not hired, despite those qualifications, and those positions were filled by white applicants. (Doc. 58.) The Court rejects United's argument because Plaintiffs' failure-to-hire claims have satisfied Rule 8's requirements.

Second, United argues Plaintiffs have failed to allege that they were subject to disparate treatment because they have not alleged sufficient facts to demonstrate they faced adverse employment action or that such adverse employment action was connected to Plaintiffs' race or national origin. (Doc. 61 at 17–18.) Plaintiffs disagree and argue that, consistent with Eleventh Circuit precedent, they have alleged they experienced adverse employment actions via United's assignment of menial and demeaning tasks, denials of higher income and earnings, and denials of promotions. (Doc. 63 at 8–9.)

To establish a prima facie case of disparate treatment, a plaintiff must show he was (1) a member of a protected class; (2) subject to an adverse employment action; (3) the defendant treated similarly situated employees outside his class more favorably; and (4) the plaintiff was qualified to do the job. McCann v. Tillman, 526 F.3d 1370, 1373 (11th Cir. 2008) (citation omitted). "[N]ot all conduct by an employer negatively affecting an employee constitutes adverse employment action." Webb-Edwards v. Orange Cnty. Sheriff's Off., 525 F.3d 1013, 1031 (11th Cir. 2008) (citation omitted). "To prove adverse employment action in a case under Title VII's anti-discrimination clause, an employee must show a serious and material change in the terms, conditions, or privileges of employment." Miller-Goodwin v. City of Panama City Beach, Fla., 385 F. App'x 966, 970 (11th Cir. 2010) (quoting Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1239 (11th Cir. 2001)).

"A[n adverse] employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with

11

significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998)); see also Miller-Goodwin, 385 F. App'x at 971 (plaintiff's claim that she was denied a promotion constituted an adverse employment action and satisfied the second prong of her prima facie disparate treatment case).

Plaintiffs have alleged that, despite their qualifications and because of their races or national origins, they were denied promotions to service technician positions, which were filled by employees from a non-protected class.[8] This is sufficient to state a claim for disparate treatment, and the Court rejects United's argument to the contrary. See Miller-Goodwin, 385 F. App'x at 971.

Third, United argues Mr. Eustache's "vague and threadbare allegations" do not sufficiently allege constructive discharge. (Doc. 61 at 18–19.) Plaintiffs respond that at the pleading stage, it is sufficient to allege that working conditions were so unbearable that one felt compelled to resign, which is what Mr. Eustache has done. (Doc. 63 at 11.)

"Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." Davis v. Legal Servs. Ala., Inc., 19 F.4th 1261, 1268 (11th Cir. 2021) (citation omitted). Constructive discharge occurs when an employee is "discriminated against by his employer to the point where a reasonable person in his position

---

[8] The Court draws no conclusions about whether the other treatment Plaintiffs allege constitutes adverse employment actions for purposes of a disparate treatment claim.

12

would have felt compelled to resign." Id. (citing Green v. Brennan, 578 U.S. 547, 555 (2016)).  To prove a constructive discharge, a plaintiff must demonstrate a greater severity or pervasiveness of harassment than the minimum required to prove a hostile work environment.  Bryant v. Jones, 575 F.3d 1281, 1298 (11th Cir.2009).

Along with his allegations of routinely being passed over for promotion, Mr. Eustache alleges his work hours have been reduced, he is paid less than his white peers, he is relegated to tasks he finds menial and degrading, and he is made to train white employees for the service technician job he has been denied.  Accepting these allegations as true for purposes of the motion to dismiss, and viewing them in the light most favorable to Mr. Eustache, the Court concludes these facts could be construed as humiliating and sufficient to compel a reasonable person to resign.  This is sufficient to state a claim for constructive discharge.  See Olson v. Dex Imaging, Inc., 63 F. Supp. 3d 1353, 1359 (M.D. Fla. 2014).

## CONCLUSION

Accordingly, it is now

**ORDERED:**

(1) Fidelity Building Services Group's Motion to Dismiss (Doc. 60) is GRANTED to the extent that Counts I–XII are alleged against the fictitious entity "FBSG."  To that extent, those claims are DISMISSED WITHOUT PREJUDICE, and Plaintiffs may file a third amended complaint against the proper defendant by January 6, 2023;

(2) United Mechanical, LLC's Motion to Dismiss (Doc. 61) is DENIED.

**DONE** and **ORDERED** in Fort Myers, Florida on November 30, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE